## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PRAGMATUS AV, LLC, | |
| Plaintiff, | Civil Action No. 11-cv-1082 (LPS)(CJB) |
| v. | JURY TRIAL DEMANDED |
| AASTRA TECHNOLOGIES LIMITED; AASTRA USA, INC, | |
| Defendants. | |
| PRAGMATUS AV, LLC, | |
| Plaintiff, | Civil Action No. 11-cv-1091 (LPS)(CJB) |
| v. | JURY TRIAL DEMANDED |
| PANASONIC CORPORATION OF NORTH AMERICA and PANASONIC CORPORATION, | |
| Defendants. | |
| PRAGMATUS AV, LLC, | |
| Plaintiff, | Civil Action No. 11-cv-1092 (LPS)(CJB) |
| v. | JURY TRIAL DEMANDED |
| TANGOME, INC., | |
| Defendant. | |

## SCHEDULING ORDER

This __13th__ day of __February__, 2013, the Court having conducted an initial Rule 16

scheduling and planning conference pursuant to Federal Rule of Civil Procedure 16(b) and Local

Rule 16.1 on February 13, 2013, and the parties having determined after discussion that the

matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding

arbitration;

IT IS ORDERED that:

1.      **Rule 26(a)(1) Initial Disclosures and E-Discovery Default Standard**.  Unless

otherwise agreed to by the parties, the parties shall make their initial disclosures pursuant to

Federal Rule of Civil Procedure 26(a)(1) within fifteen (15) days of the date of this Order.  If

they have not already done so, the parties are to review the Court's Default Standard for

Discovery, Including Discovery of Electronically Stored Information ("ESI"), which is posted on

Magistrate Judge Burke's section of the Court's website (http://www.ded.uscourts.gov) under the

"Guidelines" tab, and is incorporated herein by reference.

2.      **Joinder of Other Parties and Amendment of Pleadings**.  All motions to join

other parties, and to amend or supplement the pleadings shall be filed on or before July 12, 2013.

3.      **Discovery**.  Unless otherwise ordered by the Court, the limitations on discovery

set forth in Local Rule 26.1 shall be strictly observed.

a.      Discovery Cut Off.  All discovery in this case shall be initiated so that it

will be completed on or before November 15, 2013.

b.      Document Production.  Document production shall be substantially

complete by August 15, 2013.

c.      Requests for Admission.  A maximum of 30 common requests for

admission are permitted for each side.[1]  Each party[2] may serve on any other party up to twenty

(20) individual requests for admission in addition to the common requests for admission.

Notwithstanding the foregoing, there is no limitation on the number of requests for admission

---

[1] The "sides" for purposes of this Scheduling Order consist of Plaintiff on one side and the Defendants in the above captioned cases on the other.

[2] Each of the following groups of defendants shall constitute a single defendant party for purposes of this Scheduling Order: the Panasonic defendants in the 11-cv-1091 action; Aastra defendants in the 11-cv-1082 action; and the TangoMe defendants in the 11-cv-1092 action.

that a document is (i) authentic; (ii) is a business record; or (iii) otherwise meets a condition for admissibility in evidence.

        d.     <u>Interrogatories</u>.

           i.     A maximum of 25 individual interrogatories are permitted for each party against any one party.

          ii.     The Court encourages the parties to serve and respond to contention interrogatories early in the case. In the absence of agreement among the parties, contention interrogatories, if filed, shall first be addressed by the party with the burden of proof. The adequacy of all interrogatory answers shall, in part, be judged by the level of detail each party provides; i.e., the more detail a party provides, the more detail a party shall receive.

        e.     <u>Depositions</u>.

           i.     <u>Limitation on Hours for Deposition Discovery</u>. Each side is limited to a total of <u>120</u> hours of taking testimony by deposition upon oral examination, including both party witnesses and third party witnesses. The parties will meet and confer in good faith concerning the length and number of depositions for the deposition of party witnesses and any disputes will be presented to the Court.

          ii.     <u>Location of Depositions</u>. Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district. Exceptions to this general rule may be made by order of the Court. A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.

        f.     <u>Disclosure of Expert Testimony</u>.

i.      Expert Reports. For the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before December 13, 2013. The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before January 24, 2014. Reply expert reports from the party with the initial burden of proof are due on or before February 7, 2014. No other expert reports will be permitted without either the consent of all parties or leave of the Court. Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition. Expert depositions shall be complete by March 31, 2014.

ii.      Objections to Expert Testimony. To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

g.      Discovery Matters and Disputes Relating to Protective Orders. Should counsel find they are unable to resolve a discovery matter or a dispute regarding a protective order (other than that involving the initial drafting of a protective order, which is discussed further below) after having discussed the issue either telephonically or in person, the parties involved shall contact chambers at (302) 573-4591 to schedule a telephone conference. The moving party (i.e., the party seeking relief from the Court) should also file a "Motion For Teleconference To Resolve Discovery Dispute." The suggested text for this motion can be found in Magistrate Judge Burke's section of the Court's website, in the "Forms" tab, under the heading "Discovery Matters -- Motion to Resolve Discovery Dispute." The moving party may

raise no more than three discovery disputes per Motion/teleconference. If more than one party files a Motion on or near the same date, the Court will thereafter determine whether to resolve both Motions in one teleconference or schedule multiple teleconferences.

Not less than seventy-two (72) hours prior to the teleconference, excluding weekends and holidays, the moving party shall file with the Court a letter, not to exceed four (4) pages, in no less than 12-point font, outlining the issues in dispute and its position on those issues. This submission shall include: (1) a proposed order, attached as an exhibit, setting out the nature of the relief requested of the Court; and (2) to the extent that the dispute relates to responses to certain discovery requests, an attached exhibit (or exhibits) containing the requests and the responses in dispute. Not less than forty-eight (48) hours prior to the teleconference, excluding weekends and holidays, any party opposing the application for relief may file a letter, not to exceed four (4) pages, in no less than 12-point font, outlining that party's reason for its opposition. To the extent that factual issues are disputed or are otherwise central to the Court's analysis, the parties shall attach as an exhibit (or exhibits) sworn declarations or affidavits regarding those issues.

Courtesy copies of the letters are to be hand delivered to the Clerk's Office within one hour of e-filing. Should the Court find further briefing necessary upon conclusion of these teleconferences, the Court will order it. Disputes or issues regarding motions for extension of time for briefing case dispositive motions that are related to discovery matters are, in the first instance, to be addressed in accordance with this Order.

No motions to compel or motions for protective order shall be filed absent approval of the Court. Absent express approval of the Court following a discovery conference, no motions pursuant to Fed. R. Civ. P. 37 shall be filed.

4.     **Application to Court for Protective Order**.  Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court within ten (20) days from the date of this Order.  Should counsel be unable to reach an agreement on a proposed form of order, counsel must follow the provisions of Paragraph 3(g) above.

Any proposed protective order must include the following paragraph:

> Other Proceedings.  By entering this order and limiting the disclosure of information in this case, the Court does not intend to
> preclude another court from finding that information may be relevant and subject to disclosure in another case.  Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "confidential" [the parties should list any other level of designation, such as "highly confidential," which may be provided for in the protective order] pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard
> on whether that information should be disclosed.

5.     **Papers Filed Under Seal**.  When filing papers under seal, counsel shall follow the District Court's policy on Filing Sealed Civil Documents in CM/ECF and section G of the Administrative Procedures Governing Filing and Service by Electronic Means.  A redacted version of any sealed document shall be filed electronically within seven (7) days of the filing of the sealed document.

6.     **Courtesy Copies**.  The parties shall provide to the Court two (2) courtesy copies of all briefs and one (1) courtesy copy of any other document filed in support of any briefs (i.e., appendices, exhibits, declarations, affidavits etc.).  This provision also applies to papers filed under seal.

7.    **ADR Process**. Having discussed the ADR process during the Rule 16 scheduling conference, the Court will schedule one or more teleconferences to discuss ADR with the parties during the pendency of this case.

8.    **Interim Status Report**. On July 12, 2013, counsel shall submit a joint letter to the Court with an interim report on the nature of the matters in issue and the progress of discovery to date. Thereafter, if the Court deems it necessary, it will schedule a status conference.

9.    **Tutorial Describing the Technology and Matters in Issue**. Unless otherwise ordered by the Court, the parties shall provide the Court, no later than the date on which their opening claim construction briefs are due, a tutorial on the technology at issue. In that regard, the parties may separately or jointly submit a DVD of not more than 30 minutes. The tutorial should focus on the technology at issue and should not be used to argue claim construction contentions. The parties may choose to file their tutorial(s) under seal, subject to any protective order in effect. Each party may comment, in writing (in no more than 5 pages) on the opposing party's tutorial. Any such comment shall be filed no later than the date on which the answering claim construction briefs are due. As to the format selected, the parties should confirm the Court's technical abilities to access the information contained in the tutorial.

10.    **Claim Construction Issue Identification**. If the Court does not find that a limited earlier claim construction would be helpful in resolving the case, on August 1, 2013, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction. On August 15, 2013, the parties shall exchange their proposed claim construction of the term(s)/phrase(s) disclosed on August 1, 2013. This document will not be filed with the Court. Subsequent to exchanging that list, the parties will meet and confer to prepare a Joint Claim

Construction Chart to be submitted on August 19, 2013. The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. A copy of the patent(s) in issue as well as those portions of the intrinsic record relied upon shall be submitted with this Joint Claim Construction Chart. In this joint submission, the parties shall not provide argument.

11. **Claim Construction Briefing**. The parties shall contemporaneously submit initial briefs on claim construction issues , addressing all terms listed in the Joint Claim Construction Chart, on September 9, 2013. The parties' answering/responsive briefs shall be contemporaneously submitted on October 9, 2013. No reply briefs or supplemental papers on claim construction shall be submitted without leave of the Court. Local Rule 7.1.3(a)(4) shall control the page limitation for initial (opening) and responsive (answering) briefs.

12. **Hearing on Claim Construction**. Beginning at 10:00 a.m. on October 31, 2013, the Court will hear argument on claim construction. The parties shall notify the Court, by joint letter submission, no later than the date on which their answering claim construction briefs are due: (i) whether they request leave to present testimony at the hearing; and (ii) the amount of time they are requesting be allocated to them for the hearing.

13. **Case Dispositive Motions**. All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before April 25, 2014. Briefing will be presented pursuant to the Court's Local Rules. No case-dispositive motion under Rule 56 may be filed more than ten (10) days before the above date without leave of the Court. A party seeking leave to file a case dispositive motion prior to ten (10) days before the

deadline set forth above shall do so by filing a letter brief with the Court of no more than four (4) pages, explaining the reasons why an earlier-filed motion should be permitted. If any party wishes to contest this request, it may do so by filing a responsive letter brief of no more than four (4) pages, within seven (7) days from the date the requesting party filed its brief. No reply briefs shall be filed.

14.     **Applications by Motion**. Except as otherwise specified herein, any application to the Court shall be by written motion filed with the Clerk. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

15.     **Pretrial Conference**. On TBD, the Court will hold a pretrial conference in Court with counsel beginning at _____ .m. Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement of Federal Rule of Civil Procedure 26(a)(3). The parties shall file with the Court the joint proposed final pretrial order with the information required by the form of Final Pretrial Order which accompanies this Scheduling Order on or before ___TBD___, 201_. Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d)(1)-(3) for the preparation of the joint proposed final pretrial order. The Court will advise the parties at or before the above-scheduled pretrial conference whether an additional pretrial conference will be necessary.

16.     **Motions *in Limine***. Motions *in limine* shall not be separately filed. All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order. Each party shall be limited to five (5) *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three (3) pages of argument and may be opposed by a maximum of

three (3) pages of argument, and the party making the *in limine* request may add a maximum of one (1) additional page in reply in support of its request. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three (3) page submission (and, if the moving party, a single one (1) page reply), unless otherwise ordered by the Court. No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

17. **Jury Instructions, Voir Dire, and Special Verdict Forms**. Where a case is to be tried to a jury, pursuant to Local Rules 47 and 51 the parties should file (i) proposed voir dire, (ii) preliminary jury instructions, (iii) final jury instructions, and (iv) special verdict forms three (3) full business days before the final pretrial conference. This submission shall be accompanied by a computer diskette containing each of the foregoing four (4) documents in WordPerfect format.

18. **Trial**. This first trial of these matter is scheduled for a 5 day jury trial beginning at 9:30 a.m. on __TBD__, with the subsequent trial days beginning at 9:00 a.m. Until the case is submitted to the jury for deliberations, the jury will be excused each day at 4:30 p.m. The trial will be timed, as counsel will be allocated a total number of hours in which to present their respective cases.

Christopher J. Burke
UNITED STATES MAGISTRATE JUDGE